1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  MELISSA A. WURSTER (SBN 198899)
   **HAYES DAVIS BONINO ELLINGSON MCLAY & SCOTT, LLP**
3  203 Redwood Shores Parkway, Suite 480
   Redwood Shores, California 94065
4  Telephone: 650.637.9100
   Facsimile: 650.637.8071
5
   Attorneys for Defendant
6  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7                    UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9
   KAREN LEE,                              Case No.:
10
               Plaintiff,                  **STATE FARM MUTUAL AUTOMOBILE
11                                         INSURANCE COMPANY'S NOTICE OF
       V.                                  REMOVAL OF CIVIL ACTION UNDER
12                                         28 U.S.C. SECTIONS 1332 AND 1441
   STATE FARM MUTUAL AUTOMOBILE            [DIVERSITY JURISDICTION];
13 INSURANCE COMPANY; and DOES 1           DEMAND FOR JURY TRIAL**
   through 50, inclusive,
14                                         San Francisco County Superior Court,
                                           Case Number CGC-07-463871
15             Defendants.

16         **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

17         PLEASE TAKE NOTICE that defendant STATE FARM MUTUAL AUTOMOBILE

18 INSURANCE COMPANY (hereinafter "State Farm") hereby removes to this Court the state action

19 described below:

20         1.    State Farm is a defendant in the civil action commenced on May 31, 2007 in the

21               Superior Court of the State of California, County of San Francisco, Case No. CGC-

22               07-463871, entitled Lee v. State Farm Mutual Automobile Insurance Company.

23         2.    State Farm was served with the Summons and Complaint on July 2, 2007. True and

24               correct copies of the Summons and Complaint are attached hereto as Exhibit "1" and

25               are incorporated as part of this notice.

26         3.    This action is a civil action of which this Court has original jurisdiction under 28

27               U.S.C. section 1332, and is one that may be removed to this Court by State Farm

28
   143335                          -1-

1    pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a

2    civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive

3    of interest and costs, and is between citizens of different states.

4    4.    The fact that the amount in controversy exceeds the minimum requirement for

5    diversity jurisdiction can be determined by the nature and extent of damages alleged

6    in the complaint. Plaintiff alleges that she was insured under an automobile

7    insurance policy issued by State Farm with underinsured motorist (UIM) limits of

8    $250,000 per person and $500,000 per accident. (Complaint, ¶¶7-8.) Plaintiff

9    further alleges that, on or about October 13, 2004, she and her husband "were

10    involved in an accident caused by an underinsured motorist at the intersection of

11    Dolores and 23rd Street in San Francisco...," and that "Plaintiff and her husband

12    were crossing the street within a crosswalk when a motorist operating an SUV hit

13    and struck both of them." (Complaint, ¶12.) Plaintiff alleges that her husband was

14    hospitalized for 19 days before he passed away as a result of injuries sustained in the

15    accident, and that she herself suffered "substantial injuries," including physical

16    injuries and emotional distress. (Complaint, ¶¶13-15.) Plaintiff also alleges that she

17    settled with the underinsured driver of the SUV for the driver's policy limits of

18    $15,000, and made a claim to State Farm for payment of her UIM for the

19    "...$250,000 per person UM/UIM limits of the State Farm policy, less the $15,000

20    limits received from the underinsured drivers motor vehicle liability insurance

21    policy." (Complaint, ¶¶19, 21.)

22    5.    Plaintiff alleges as special damages arbitration costs allegedly incurred in connection

23    with the UIM arbitration proceeding and attorneys fees. (Complaint, ¶ 39.)

24    Plaintiff's claim for attorney fees is an element of her special damages on a theory

25    that plaintiff incurred these so-called *Brandt* fees to recover unreasonably withheld

26    policy benefits. (*Brandt v. Superior Court*, 37 Cal.3d 813 (1985).)

27    6.    Additionally, plaintiff asserts claims for general damages and punitive damages. The

28    prayer for punitive damages is based on an alleged course of conduct from which

143335    -2-

1    one can infer the punitive damage claim alone exceeds $75,000. These allegations

2    in and of themselves establish the amount in controversy exceeds $75,000.

3    7.    At the time of the commencement of this action, and at all times since, State Farm

4    has been, and still is, a corporation of the State of Illinois, being incorporated under

5    the laws of Illinois, and has had and continues to have its principal place of business

6    in Illinois. Plaintiff Karen Lee has been and continues to be a citizen of the State of

7    California, having been a resident of the City and County of San Francisco.

8    (Complaint, ¶1.)

9    8.    This action was brought in the State of California. This corporate defendant was not,

10    at the time of the institution of this action, and is not now, a corporation incorporated

11    under the laws of the State of California, and did not have at the time of the

12    institution of this action, and does not have now, its principal place of business in

13    California.

14    9.    State Farm initially responded to the complaint in the Superior Court for the County

15    of San Francisco by way of an answer filed on July 31, 2007. A true and correct

16    copy of the Answer is attached hereto as Exhibit "2."

17    **DEMAND FOR JURY TRIAL**

18    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby demands a

19    trial by jury.

20    Dated: July 31, 2007                HAYES DAVIS BONINO ELLINGSON
                                          MCLAY & SCOTT, LLP
21

22

23    By:    _____
              STEPHEN M. HAYES
24            STEPHEN P. ELLINGSON
              MELISSA A. WURSTER
25            Attorneys for Defendant
              STATE FARM MUTUAL AUTOMOBILE
26            INSURANCE COMPANY

27

28
143335                                    -3-

# EXHIBIT 1

## SUMMONS
### (CITACION JUDICIAL)

REC'D BY: _____  
DATE: 7/2/07  TIME: 7:40

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
and DOES 1 through 50, inclusive

STATE FARM INSURANCE
IRVINE OPERATIONS CENTER

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAREN LEE

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco County Superior Court
400 McAllister Street
San Francisco, California 94102-4514

CASE NUMBER
*(Número del Caso):* CG -07-463871

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Michel, Esq., 2000 Powell Street, Suite 1000, Emeryville, California 94608; Telephone: (510) 547-7319

DATE: MAY 3 1 2007   Gordon Park-Li Clerk, by ___ P. NATT ___, Deputy
*(Fecha)*                        *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* State Farm Mutual Automobile Insurance Company

   under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 7/2/07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

ENDORSED
F I L E D
*San Francisco County Superior Court*

MAY 3 1 2007

GORDON PARK-LI, Clerk
PARAM NATT
Deputy Clerk

1 | Michael D. Michel, Esq.   (SBN 062131)
Jeff M. Fackler, Esq.   (SBN 142101)
2 | MICHEL & FACKLER
A Professional Corporation
3 | 2000 Powell Street, Suite 1000
Emeryville, California 94608
4 | Tel.:   (510) 547-7319
Fax:   (510) 547-7320
5 |

CASE MANAGEMENT CONFERENCE SET

NOV – 2 2007 –9:00AM

6 | Attorneys for Plaintiff KAREN LEE

7 |

DEPARTMENT 212

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN FRANCISCO

10 |

KAREN LEE,                                           Case No.   C G C –07–463871

11 |

                    Plaintiff,

12 |                                            COMPLAINT FOR BREACH OF
        vs.                                  CONTRACT AND BREACH OF THE
13 |                                            IMPLIED COVENANT OF GOOD FAITH
                                               AND FAIR DEALING
STATE FARM MUTUAL AUTOMOBILE
14 | INSURANCE COMPANY and DOES 1              JURY TRIAL DEMANDED
     through 50, inclusive,
15 |

16 |                     Defendants

17 |
_____ /

18 |     Plaintiff alleges as follows:

19 |     1.     At all times relevant herein, plaintiff KAREN LEE ("plaintiff") is and was an

20 | individual residing in the City and County of San Francisco, California.

21 |     2.     Plaintiff is informed and believes and thereupon alleges that, at all times relevant

22 | herein, defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY was and

23 | is a corporation authorized to transact insurance business in, and doing business in, the State of

24 | California and the City and County of San Francisco.

25 |     3.     Plaintiff is informed and believes and thereupon alleges that, at all times relevant

26 | herein, the true names, capacities and/or identities of the defendants named in this complaint as

27 | DOES 1 through 50, whether individual, partnership, associate, corporate, or otherwise, are

28 | unknown to plaintiff, who therefore sues such defendants by fictitious names. Plaintiff will amend

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*       Page 1

1  her complaint to show such defendants' true names and capacities when they have been

2  ascertained.

3      4.      Plaintiff is informed and believes and thereupon alleges that, at all times relevant

4  herein, each of the defendants sued and identified above acted and/or omitted to act as alleged

5  herein, and/or conspired with, participated with and/or ratified the acts and/or omissions of the

6  defendants sued herein, and each of them.

7      5.      Plaintiff is informed and believes and thereupon alleges that, at all times relevant

8  herein, each of the defendants was the agent, servant, and/or employee of each of the remaining

9  defendants and at all times were acting within the course and scope of such agencies and/or

10  employment, each with the consent of the other.

11      6.      In 2004, plaintiff and her husband, James Lee, were residents of San Francisco,

12  California. As of October 2004, plaintiff and her husband had been married for 39 years and

13  James Lee was the sole provider of financial support for the family.

14      7.      In 2004, plaintiffs renewed a written policy of automobile insurance, Policy No.

15  D620-652-056 ("the Policy"), issued by State Farm MUTUAL AUTOMOBILE INSURANCE

16  COMPANY and DOES 1 through 10 (collectively, "State Farm") to plaintiffs. The policy was in

17  full force and effect at all times relevant to this action, including, without limitation, on October 13,

18  2004.

19      8.      The material terms of the Policy include the term that, in exchange for premiums

20  paid by the Lees, State Farm would pay all damages that plaintiff and her husband were legally

21  entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily

22  injury either individual sustained. Pursuant to the Policy, State Farm agreed that it would pay up to

23  $250,000.00 per person and $500,000.00 per accident for bodily injury sustained by an insured in

24  an accident with an uninsured motorist.

25      9.      The Policy defines uninsured motorist to include an underinsured motorist, that is, a

26  motorist who was insured for motor vehicle liability but who had an insurance policy with limits

27  less than the $250,000.00/500,000.00 uninsured/underinsured ("UM/UIM") limits of the Lees'

28  State Farm automobile insurance policy.

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith • JURY TRIAL DEMANDED*                    *Page 2*

1       10.    The insurance contract between the Lees and State Farm was formed and entered

2 into in San Francisco County and was intended by the parties to be performed in that county.

3       11.    At all times relevant herein, the Lees paid all premiums due on the Policy and

4 otherwise complied with all terms and conditions of the Policy.

5       12.    On or about October 13, 2004, while the Policy was in full force and effect, plaintiff

6 and her husband were involved in an accident caused by an underinsured motorist at the

7 intersection of Dolores and 23rd Street in San Francisco. Plaintiff and her husband were crossing

8 the street within a crosswalk when a motorist operating an SUV hit and struck both of them.

9       13.    James Lee suffered severe injuries, including traumatic brain injuries, in the

10 accident. Mr. Lee was hospitalized for 19 days, until he passed away as the result of his injuries.

11 Plaintiff also suffered substantial injuries, including a broken arm and head injuries, caused by the

12 impact of the motor vehicle.

13       14.    Plaintiff contemporaneously witnessed the impact of the vehicle which struck her

14 husband and subsequently resulted in his death. Before the impact, plaintiff observed her husband

15 attempt to protect her from being struck by the vehicle.

16       15.    At the time of the accident, James Lee, was the sole financial provider for his wife.

17 Plaintiff also relied on her husband for emotional support, care, comfort, society and

18 companionship.

19       16.    The driver of the SUV (hereafter, "the underinsured motorist") was solely at fault

20 for the accident. The Lees did not cause or contribute to the accident. The Lees were crossing the

21 street inside the marked crosswalk, and were complying with the electronic traffic signals

22 controlling the intersection. The underinsured motorist unlawfully entered the intersection against

23 the traffic signal and struck the Lees, who were lawfully in the intersection.

24       17.    Following the accident, plaintiff and her husband were both transported to a local

25 hospital for emergency medical treatment. Plaintiff incurred the costs of emergency medical

26 transport and emergency hospital and medical expenses as a result of the treatment for her injuries

27 caused in the accident.

28       18.    Plaintiff notified her insurer, State Farm, of the accident and of her potential claim

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*     *Page 3*

1  for uninsured/underinsured motorist benefits for the accident. Plaintiff further requested from State
2  Farm confirmation of all coverages and benefits potentially available to her under the State Farm
3  policy.

4          19.     At the time of the accident, the underinsured motorist had an automobile liability
5  insurance policy with the statutory minimum limits of coverage, namely, $15,000.00 per person and
6  $30,000.00 per accident liability coverage. Plaintiff submitted a liability claim to the insurance
7  carrier for the underinsured motorist and, after confirming that the driver had no other significant
8  assets, settled with the driver for payment of the driver's liability insurance policy limits.

9          20.     State Farm was notified of plaintiff's intention to settle with the underinsured
10  motorist for payment of his policy limits. In January 2005, plaintiff gave State Farm written
11  confirmation of the driver's liability insurance limits and the settlement of her claim against the
12  driver for payment of those limits.

13          21.     In January 2005, plaintiff also submitted a claim to State Farm for payment of her
14  underinsured motorists claim, namely, for the $250,000.00 per person UM/UIM limits of the State
15  Farm policy, less the $15,000.00 limits received from the underinsured driver's motor vehicle
16  liability insurance policy.

17          22.     Plaintiff promptly provided State Farm with documentation establishing the liability
18  of the underinsured motorist and of the absence of any liability on the part of plaintiff or her
19  husband. Plaintiff also provided State Farm with all of the information necessary for State Farm to
20  investigate both liability and damages with respect to plaintiff's claim. Among other things,
21  plaintiff provided State Farm with information concerning the nature and extent of plaintiff's
22  injuries, documentation of the treatment she received and the medical expenses she incurred, and
23  the names and identities of plaintiff's treating medical providers. Plaintiff also provided a
24  description of the circumstances of the accident and her claims against the underinsured motorist.

25          23.     At all times, plaintiff cooperated with State Farm and was willing to cooperate in
26  any investigation by State Farm.

27          24.     State Farm was aware at all relevant times that the accident had left her a widow and
28  without the financial support and care and companionship of her husband. State Farm also was

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*          Page 4

1 | aware of the severity of plaintiff's own injuries and the expenses she incurred due to those injuries.
2 | State Farm also was aware that plaintiff witnessed the fatal injuries sustained by her husband.

3 |     25.    Despite the fact that plaintiff submitted her UIM claim and requested payment of the
4 | UM/UIM limits, less the amount received from the underinsured motorist, State Farm undertook no
5 | substantive investigation of the claim. State Farm did not undertake to obtain a statement from
6 | plaintiff concerning the accident, her observation of the injuries to her husband, or her own injuries.
7 | Plaintiff is informed and believes and thereon alleges that State Farm conducted no substantive
8 | investigation to confirm the information and documentation that plaintiff provided to it.

9 |     26.    Plaintiff complied with State Farm's requests for information even though State
10 | Farm requested information not relevant to its obligation to pay policy benefits to plaintiffs.

11 |     27.    Notwithstanding its receipt of proof of the underinsured motorist's liability and
12 | plaintiff's damages in an amount in excess of its UM/UIM coverage limits, State Farm refused to
13 | promptly pay plaintiff the underinsured motorists benefits to which she was entitled. In so acting,
14 | State Farm refused to consider evidence favorable to plaintiff establishing that plaintiff's damages
15 | caused by the underinsured motorist exceeded the underinsured motorist limits of the Policy.

16 |     28.    At the time State Farm failed and refused to pay plaintiff the policy benefits she was
17 | owed, State Farm knew that it was obligated to pay plaintiff the full uninsured motorist benefits
18 | provided by the Policy. State Farm knew plaintiff was experiencing significant and ongoing
19 | financial difficulties due to the injuries she sustained in the accident and the death of her husband.
20 | Plaintiff is informed and believes and thereon alleges that State Farm sought to use plaintiff's
21 | financial circumstances in order to coerce plaintiff to accept an amount less than the full policy
22 | benefits to which plaintiff was entitled.

23 |     29.    Because State Farm refused to pay the policy benefits owed to plaintiff and refused
24 | to competently or thoroughly investigate or evaluate plaintiff's claim for UIM benefits, plaintiff
25 | was forced to demand arbitration of her UIM claim. Due to State Farm's failure to pay plaintiff
26 | policy benefits that she was owed, plaintiff was forced to borrow money to support herself.

27 |     30.    State Farm knew at the time arbitration was demanded that it was contractually
28 | obligated to pay plaintiff the limits of the uninsured motorist coverage for plaintiff's injuries.

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*            *Page 5*

1  Plaintiff is informed and believes and thereon alleges that State Farm forced plaintiff into

2  arbitration in order to coerce a more favorable settlement, to punish plaintiff for asserting her

3  contractual rights and to delay payment of plaintiff's claim for benefits.

4      31.    For a year after the accident, State Farm refused to pay any UIM benefits to plaintiff

5  despite confirmation in January 2005 that plaintiff had a valid UIM claim and that State Farm had

6  no defense of comparative fault applicable to plaintiff's claim against the underinsured motorist.

7      32.    On or about October 15, 2005, more than a year after the accident, State Farm

8  tendered to plaintiff $10,000.00 as an "advance" of UM/UIM benefits.  At the time State Farm

9  made this purported advance, it was aware that plaintiff had incurred expenses, including medical

10 expenses and the cost of emergency medical treatment, related to the accident which exceeded the

11 amount of State Farm's payment.  State Farm also was aware that plaintiff's other damages

12 resulting from the accident far exceeded the amount of its payment.

13     33.    State Farm refused without cause to pay plaintiff the policy benefits she was owed in

14 order to delay plaintiff's recovery of the contractual benefits to which she was entitled, so that State

15 Farm could benefit financially from the use of the money it owed plaintiff.

16     34.    After plaintiff demanded arbitration, it remained clear that plaintiff's damages for

17 bodily injury caused by an underinsured motorist exceeded the UIM bodily injury limits of the

18 Policy issued by State Farm to plaintiff.  Despite this fact, State Farm refused to pay plaintiff the

19 uninsured motorist limits of the Policy.

20     35.    After plaintiff demanded arbitration, State Farm continued to refuse to properly

21 investigate and/or evaluate plaintiff's claim for underinsured motorist benefits.  During this period,

22 State Farm continued to ignore the plaintiff's request for payment of benefits, and the information

23 which plaintiff had already provided to State Farm concerning her damages.  State Farm also

24 purported to conduct discovery to obtain information which either already had been provided to it

25 by plaintiff, or which it could have obtained through the investigation it failed and refused to

26 perform.

27     36.    In May 2006, 19 months after the accident, State Farm made another nominal

28 "advance" to plaintiff, in an amount grossly inadequate to compensate plaintiff for the damages she

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*          *Page 6*

1  suffered as a consequence of her injuries and losses caused by the underinsured motorist. At the
2  time this payment was made, the information which was and had been made available to State
3  Farm demonstrated that plaintiff's damages exceeded the UIM limits of the State Farm policy, and
4  far exceeded the purported advances made to date.

5  　　　37.　State Farm subsequently purported to tender the remaining UIM limits of the Policy
6  to plaintiff.

7  　　　38.　As a result of State Farm's refusal to pay plaintiff the policy benefits she was owed
8  at the time those benefits were owed, plaintiff has suffered substantial damage.

9  　　　39.　Plaintiff incurred substantial economic losses as a result of State Farm's refusal to
10 pay policy benefits including, without limitation, loan fees and costs and the interest on borrowed
11 money, loss of her husband's income, arbitration costs, attorneys fees and costs and the loss of
12 interest on the unpaid policy benefits.

13 　　　40.　Plaintiff suffered and continues to suffer severe and lasting emotional distress as the
14 result of State Farm's refusal to pay policy benefits in a timely manner. Plaintiff has suffered
15 profound and extreme embarrassment, grief, humiliation, fear and worry, all as a direct result of the
16 conduct of defendants, and each of them.

17 　　　41.　Plaintiff is informed and believes and thereon alleges that State Farm and its agents at
18 all relevant times purposefully refused plaintiff's requests for payment of the benefits due to her
19 under the Policy and in order to coerce a settlement for less than full value and/or otherwise
20 compromise her claim subject to terms unfavorable to her. In so doing, State Farm has acted in
21 willful disregard of plaintiff's rights under the Policy. State Farm knew and/or should have known
22 that its actions would cause economic injury to plaintiff and cause plaintiff to suffer severe and
23 lasting emotional distress, which plaintiff in fact suffered.

24 

### FIRST CAUSE OF ACTION

25 ### BREACH OF CONTRACT

26 (Against STATE FARM and DOES 1 through 50)

27 　　　42.　Plaintiff hereby incorporates by reference Paragraphs 1 through 41 of this Complaint
28 as though fully set forth herein.

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*　　　　　Page 7

44.    Plaintiff and her husband entered into a written insurance contract with defendant State Farm and Does 1 through 10 which provides coverage for damages which plaintiff and her husband were legally entitled to recover from the owner or operator of an underinsured motor vehicle.

45.    Further, as with all contracts in the State of California, this insurance contract includes an implied covenant of good faith and fair dealing which requires defendants to place the interests of its insureds in obtaining policy benefits on the same level as its own interests, i.e., defendants have an obligation to give at least as much consideration to the interests of plaintiff as they do to their own.

46.    At all relevant times herein, by performing all the conditions, covenants and promises in accordance with the terms and conditions of the Policy, plaintiff reasonably expected to be assured of "peace of mind" and financial and emotional security in the event of bodily injury and death caused by an underinsured motorist.

47.    On or about October 13, 2004, while the Policy was in full force and effect, plaintiff sustained serious bodily injuries caused by an uninsured motorist and arising out of the ownership, operation and use of an underinsured motor vehicle.  Plaintiff further suffered severe emotional distress and loss of the emotional and financial support, companionship and services as the result of bodily injuries and death suffered by her husband which arose out of the ownership, operation and use of an underinsured motor vehicle.

48.    Plaintiff's damages were insured under the policy issued by State Farm, in an amount exceeding the UM/UIM limits of the Policy.

49.    Defendants failed and refused to timely and fully tender their performance as required by the Policy by payment to plaintiff of all monies due and owing for damages caused by an underinsured motorist in compliance with all of the terms of the Policy.

50.    Defendants' failure and refusal to honor their contractual obligations includes, but is not limited to, intentionally delaying payment of benefits under and violating the provisions of the Policy covering bodily injury caused by an underinsured motorist; intentionally refusing and failing to pay the full amount of plaintiff's losses covered under the Policy; failing and intentionally

1  refusing to promptly investigate, evaluate and resolve plaintiff's claims; refusing to pay for losses

2  covered under the Policy; delaying payments due under the Policy; and ignoring the covenant of

3  good faith and fair dealing implied in every contract.

4       51.   As a consequence of defendants' failure and refusal to timely perform its obligations

5  under the Policy, plaintiff has suffered the following damages:

6          a.   Compensatory damages for failure to timely pay plaintiff the full value of all

7  losses covered under the Policy.

8  SECOND CAUSE OF ACTION

9  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

10  (Against STATE FARM and DOES 1 through 50)

11       52.   Plaintiff hereby incorporates by reference Paragraphs 1 through 51 of this Complaint

12  as though fully set forth herein.

13       53.   STATE FARM and Does 1 through 50 have wrongfully and intentionally withheld

14  benefits due under the Policy by, *inter alia*, denying benefits due under the Policy; unreasonably

15  delaying the payment of benefits due under the Policy at the time those benefits were due; and

16  misrepresenting the terms of the Policy and defendants' obligations thereunder. Furthermore, this

17  improper withholding of benefits due under the Policy was unreasonable and in bad faith, i.e.,

18  knowingly done without proper cause.

19       54.   By committing the acts hereinabove alleged, defendants breached the covenant of

20  good faith and fair dealing implied in the insurance contract. Defendants' acts of "bad faith"

21  include, but are not limited to, the following:

22          a.   Failing to investigate plaintiff's claims thoroughly, objectively or fairly;

23          b.   Ignoring and refusing to properly evaluate information favorable to

24  plaintiff's claim without any reason for doing so;

25          c.   Unreasonably denying benefits due under the Policy;

26          d.   Unreasonably delaying the payment and/or processing of plaintiff's claims

27  by refusing and failing to pay benefits at the time they were due;

28          e.   Refusing to consider information favorable to plaintiff's claims; and

1      f.    Misrepresenting, concealing or failing to disclose the material terms of the

2  Policy, plaintiff's rights under the Policy and defendants' obligations under the Policy.

3      55.   The conduct as outlined above demonstrates a failure or refusal to discharge

4  contractual responsibilities resulting not from honest mistake or negligence but rather by conscious

5  and deliberate acts which unfairly frustrate the agreed common purposes and disappoints the

6  reasonable expectations of the plaintiff, thereby depriving her of the benefits of the Policy.

7      56.   In addition to the foregoing, defendants have committed acts in violation of

8  Insurance Code section 790.03(h), which creates a presumption of breach of the implied covenant

9  of good faith and fair dealing, including, but not limited to, the following:

10      a.    Misrepresenting facts and insurance policy provisions relating to any

11 coverages at issue (Ins. Code §790.03(h)(1));

12      b.    Failing to acknowledge and act promptly on communications with respect to

13 claims (Ins. Code §790.03(h)(2));

14      c.    Failing to adopt and implement reasonable standards for prompt

15 investigation of processing of claims (Ins. Code §790.03(h)(3));

16      d.    Not attempting in good faith to effectuate prompt, fair and equitable

17 settlement of claims in which liability has become reasonably clear (Ins. Code §790.03(h)(5)); and

18      e.    Compelling an insured to institute litigation to recover amounts due under an

19 insurance policy by offering substantially less than the amount she was entitled to recover (Ins.

20 Code §790.03(h)(6));

21      57.   In addition to the foregoing, defendants have violated the California Department of

22 Insurance Unfair Claims Settlement Practices Regulations by acting as follows:

23      a.    Failing to respond to, and failing to provide a complete response to,

24 communications from plaintiff regarding her claim within 15 days of the receipt of such

25 communications (10 Cal. C. Regs. §2695.5(b));

26      b.    Failing to accept or deny claims, and affirm or deny liability within 40 days

27 after receipt of the notice of claim, unless they advise the claimants in writing of the reasons for

28 delay, and thereafter of the reasons for further delay in writing every 30 days (10 Cal. C. Regs.

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*          *Page 10*

1  §2695.7(b), (c));

2       c.      Failing to conduct and diligently pursue a thorough, fair and objective
3  evaluation of plaintiff's claims (10 Cal. C. Regs. §2695.7(e));

4       d.      Persisting in seeking information not reasonably required for, or material to,
5  the resolution of plaintiff's claims (10 Cal. C. Regs. §2695.7(c);

6       e.      Failing to pay claims within 30 days after coverage is determined (10 Cal. C.
7  Regs. §2695.7(h));

8       f.      Failing to pay the undisputed amounts of claims within 30 days (10 Cal. C.
9  Regs. §2695.7(h));

10      g.      Attempting to settle a claim by making an unreasonable settlement offer (10
11 Cal. C. Regs.§2695.7(g)); and

12      h.      Failing to specify reasons for needing additional time to determine whether a
13 claim should be accepted and/or denied, including specification of any additional information the
14 insurer requires in order to make the determination and providing written notice as to any continued
15 reasons for the company's inability to make such a determination (10 Cal. C. Regs. §2695(b)).

16      58.     In doing the aforementioned acts, defendants acted with malice, oppression, fraud
17 and engaged in despicable conduct in conscious disregard of the rights of plaintiff. The conduct
18 outlined above was the result of defendants acting for their own corporate and economic interests in
19 knowing violation of its duties to plaintiff and with the intent to intimidate, threaten and pressure
20 plaintiff into accepting less under the Policy than she is legally entitled to recover.

21      59.     As a consequence of defendants' unjustified failure and refusal to timely perform
22 their obligations under the Policy, plaintiff has suffered the following damages:

23      a.      Compensatory damages for failure to promptly pay plaintiff's losses and all
24 losses covered under the Policy;

25      b.      Compensatory damages for failure to promptly pay losses covered under the
26 Policy;

27      c.      Consequential damages on all claims, including interest on the amounts
28 owed by defendants to plaintiff at the time they were owed;

*Complaint for Breach of Contract/Breach of Implied Covenant of Good Faith - JURY TRIAL DEMANDED*          *Page 11*

1        d.    Consequential damages for severe emotional distress;

2        e.    Economic losses; and

3        f.    Punitive damages for defendants' malicious and oppressive conduct in an

4    amount sufficient to punish defendants and deter it from committing similar conduct in the future

5    with respect to other insureds, in an amount to be proven at time of trial.

6        WHEREFORE, plaintiff prays for relief as follows:

7    1.    For compensatory damages according to proof at time of trial;

8    2.    For consequential damages according to proof at time of trial; and

9    3.    For punitive damages in an amount to punish and deter defendants' further conduct

10   and from committing similar conduct in the future with respect to other insureds, in an amount to

11   be proven at time of trial.

12   4.    For attorneys' fees, costs of suit and interest; and

13   5.    For such other and further relief as the court deems appropriate.

14   Dated: May 30, 2007                    MICHEL & FACKLER
                                            A Professional Corporation
15

16                            By    _____
17                                  Michael D. Michel, Esq.
                                    Attorneys for Plaintiff KAREN LEE
18

19

20                            **JURY TRIAL DEMANDED**

21        Plaintiff KAREN LEE hereby demands a jury trial on all claims and causes of action

22   asserted herein.

23   Dated: May 30, 2007                    MICHEL & FACKLER
                                            A Professional Corporation
24

25                            By    _____
26                                  Michael D. Michel, Esq.
                                    Attorneys for Plaintiff KAREN LEE
27

28

# EXHIBIT 2

1 | STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
2 | MELISSA A. WURSTER (SBN 198899)
HAYES DAVIS BONINO ELLINGSON MCLAY & SCOTT, LLP
3 | 203 Redwood Shores Parkway, Suite 480
Redwood Shores, California 94065
4 | Telephone: 650.637.9100
Facsimile: 650.637.8071
5
Attorneys for Defendant
6 | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

7
SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
FOR THE COUNTY OF SAN FRANCISCO
9

| | |
|---|---|
| KAREN LEE, | Case No.:   CGC-07-463871 |
| Plaintiff, | |
| V. | **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and DOES 1 through 50, inclusive, | |
| Defendants. | |

17      Defendant State Farm Mutual Automobile Insurance Company, in answer to the unverified

18 Complaint of plaintiff herein, denies each and every, all and singular, the allegation of the

19 unverified Complaint, and in this connection defendant denies that plaintiff has been injured or

20 damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any

21 act or omission of this answering defendant.

22      AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

23 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

24 answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of

25 action against this answering defendant.

26      AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

27 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

28 this answering defendant alleges that at all times and places mentioned in the Complaint herein,

143311                                          -1-

1  plaintiff failed to mitigate the amount of her damages. The damages claimed by plaintiff could have

2  been mitigated by due diligence on her part or by one acting under similar circumstances.

3  Plaintiff's failure to mitigate is a bar to her recovery under the Complaint.

4      AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

5  FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

6  answering defendant alleges on information and belief that the sole and proximate cause of the

7  circumstances and events complained of by plaintiff in the Complaint was due to the acts or

8  omissions of persons and entities other than this answering defendant.

9      AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

10 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

11 this answering defendant alleges that the Complaint is barred by the doctrine of estoppel.

12     AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON

13 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

14 answering defendant alleges that said complaint fails to state facts sufficient to constitute a claim

15 for exemplary or punitive damages pursuant to §3294 of the Civil Code.

16     AS AN SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

17 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

18 this answering defendant alleges that plaintiff's Complaint, to the extent that it seeks exemplary or

19 punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to procedural due

20 process under the Fourteenth Amendment of the United States Constitution, and the Constitution of

21 the State of California, and therefore fails to state a cause of action upon which either punitive or

22 exemplary damages can be awarded.

23     AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT

24 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

25 this answering defendant alleges that plaintiff's Complaint, to the extent that it seeks punitive or

26 exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection

27 from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

28 Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to

143311                                -2-

1  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

2  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

3  action supporting the punitive or exemplary damages claimed.

4      WHEREFORE, this answering defendant prays for judgment as follows:

5          1.  That plaintiff take nothing by the Complaint;

6          2.  For costs of suit incurred herein; and

7          3.  For such other and further relief as the Court deems proper.

8

9  Dated: July 31, 2007                    HAYES DAVIS BONINO ELLINGSON
                                           MCLAY & SCOTT, LLP

10

11                              By:

12                                  STEPHEN M. HAYES
                                    STEPHEN P. ELLINGSON
13                                  MELISSA A. WURSTER
                                    Attorneys for Defendant
14                                  STATE FARM MUTUAL AUTOMOBILE
                                    INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

143311                          -3-

1   **CASE NAME:**   Lee (Karen) v. State Farm
     **ACTION NO.:**   CGC-07-463871

2

                       **PROOF OF SERVICE**

3

4      I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

5

6

7

8      On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

9        **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S**
                      **ANSWER TO COMPLAINT**

10

11  ☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

12

13  ☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood Shores, California.

14  ☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

15  ☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

16

17                 Michael D. Michel, Esq.
                Jeff M. Fackler, Esq.

18                 MICHEL & FACKLER
                2000 Powell Street, Suite 1000

19                 Emeryville, CA 94608
                Telephone: 510.547.7319

20                 Facsimile: 510.547.7320

21                 **Attorney for Plaintiff**
                **KAREN LEE**

22

23  ☒  *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25      Executed on July 31, 2007 at Redwood Shores, California.

26

27                                   Abigail Bowman

28

1  **CASE NAME:**   Lee (Karen) v. State Farm
   **ACTION NO.:**

2

3                          **PROOF OF SERVICE**

4      I am a citizen of the United States. My business address is 203 Redwood Shores Parkway,
   Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where
   this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily

5  familiar with my employer's normal business practice for collection and processing of
   correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is

6  deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
   of business.

7

8      On the date set forth below, following ordinary business practice, I served a true copy of the
   foregoing document(s) described as:

9      **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF**
       **REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441**

10         **[DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

11     ☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
           number(s) set forth below, or as stated on the attached service list, on this date

12         before 5:00 p.m.

13     ☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
           placed in the United States mail at Redwood Shores, California.

14     ☐   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
           this date to the offices of the addressee(s).

15

16     ☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
           overnight delivery carrier with delivery fees provided for, addressed to the
           person(s) on whom it is to be served.

17

18                     Michael D. Michel, Esq.
                       Jeff M. Fackler, Esq.

19                     MICHEL & FACKLER
                       2000 Powell Street, Suite 1000

20                     Emeryville, CA 94608
                       Telephone: 510.547.7319

21                     Facsimile: 510.547.7320

22                     **Attorney for Plaintiff**
                       **KAREN LEE**

23     ☒   *(Federal)* I declare under penalty of perjury under the laws of the State of
           California that the above is true and correct.

24

25     Executed on July 31, 2007 at Redwood Shores, California.

26

27                                          Abigail Bowman

28

────────────────────────────────────────────────

                          **PROOF OF SERVICE**