STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
MELISSA A. WURSTER (SBN 198899)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

MICHAEL D. MICHEL (SBN 062131)
JEFF M. FACKLER (SBN 142101)
MICHEL & FACKLER
2000 Powell Street, Suite 1000
Emeryville, CA 94608
Telephone: 510.547.7319
Facsimile: 510.547.7320

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LEE,<br><br>　　　　　Plaintiff,<br><br>V.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES 1 THROUGH 100, INCLUSIVE,<br><br>　　　　　Defendants. | CASE NO.   C-07-03913 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. P. 26(f) REPORT**<br><br>Honorable Jeffrey S. White<br>Case Mgmt. Confr. Date:  Nov. 9, 2007<br>Case Mgmt. Confr. Time: 1:30 p.m.<br>Courtroom.:                   2 |

   Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16-9 the parties to the above-entitled action respectfully submit their Joint Case Management Conference Statement and Rule 26(f) report.

**1.   JURISDICTION AND SERVICE**

   This Court has original jurisdiction over all plaintiff's claims under 28 U.S.C. §§1332 and 1441(a).  Defendant has no counterclaims.  The suit arises between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  All the parties are subject to the court's jurisdiction and plaintiff is unaware of any parties that remain to be

named and served.

## 2. FACTS OF THE CASE

In October 2004, plaintiff was an insured under an automobile insurance policy issued to plaintiff and her husband by defendant. The policy provided, among other coverages, uninsured/underinsured motorist bodily injury insurance coverage in the amount of $250,000 per person/$500,000 per accident.

On October 13, 2004, while the policy was in force, plaintiff and her husband were both struck by an underinsured motorist while crossing the street in a crosswalk at the intersection of 23rd Street and Delores in San Francisco. Plaintiff suffered substantial injuries, including head lacerations and a fractured wrist, and was hospitalized as a result of being struck by the motorist. Plaintiff also saw the motorist strike her husband. Plaintiff's husband sustained severe injuries in the accident and passed away 19 days after being struck by the underinsured motorist.

The driver whose vehicle struck plaintiff and her husband had an automobile liability insurance policy with the minimum mandatory bodily injury liability coverage, namely, $15,000 per person and $30,000 per accident. Plaintiff notified defendant of the accident shortly after October 13, 2004 and settled her claim against the underinsured motorist for payment of the $15,000 per person limit. Plaintiff thereafter requested from defendant the payment of policy benefits pursuant to the underinsured motorist coverage of defendant's auto policy.

Plaintiff claims that defendant unreasonably failed and refused to pay her the policy benefits she was owed under defendant's policy when such payment was sought, unreasonably delayed the payment of policy benefits and failed to promptly investigate and pay her the UIM benefits to which she was entitled. Plaintiff contends that defendant's actions caused her to suffer economic losses and severe emotional distress. Defendant disputes these allegations.

## 3. PRINCIPAL LEGAL AND FACTUAL ISSUES

The parties agree that California law governs the substantive legal issues in this case.

### A. Disputed Legal Issues

1. Whether State Farm reasonably investigated plaintiff's UIM claim;
2. Whether State Farm reasonably evaluated plaintiff's UIM claim;

3. Whether resolution of plaintiff's claim was unreasonably delayed.

B. **Disputed Factual Issues**

1. Whether State Farm breached the implied covenant of good faith and fair dealing;

2. Whether State Farm engaged in malice, fraud or oppression as required to support a claim for punitive damages.

4. **MOTIONS**

No motions are pending. State Farm anticipates filing a motion for summary judgment or a motion for summary adjudication of issues. Plaintiff anticipates the filing of motions *in limine* prior to trial.

5. **AMENDMENT OF PLEADINGS**

Plaintiff does not expect to add or dismiss any parties or claims. The parties propose a deadline of 120 days before the trial date set by the Court as the proposed deadline for amending the pleadings.

6. **EVIDENCE PRESERVATION**

The parties have preserved all evidence relevant to the issues reasonably evident in this action. Plaintiff has no document destruction program, and has not erased any e-mail messages, voice mail messages or electronically-recorded materials relevant to any of the issues in this action. State Farm has document retention policies. State Farm does not believe that it has erased any electronically recorded data relevant to this action.

7. **DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1)(E) the parties have stipulated that they will exchange initial disclosures on or before November 21, 2007.

8. **DISCOVERY**

The parties anticipate propounding written discovery within limits proscribed by the Federal Rules of Civil Procedure including Interrogatories, Document Requests, and Requests for Admission, as well as deposition discovery.

A. **Plaintiff's Anticipated Discovery**

1. Written Discovery

**JOINT REPORT OF RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - CASE NO. C07-03913 JSW**

      a.    Interrogatory Requests

      b.    Request for Admissions

  2. **Production of Documents**

      a.    Demand for production of State Farm's claims file and claims manual(s), among other documents.

  3. **Depositions**

      a.    Depositions to include State Farm claims adjusters, including Laura Adams and Cindy Akins and claims supervisors for plaintiff's claim.

  4. **Expert Discovery**

**B. State Farm's Anticipated Discovery**

  1. **Written Discovery**

    a.  Contention Interrogatories

    b.  Demand for the production of appropriate documents

    c.  Subpoena a copy of the tortfeasor's (adverse driver's) claim file

  2. **Depositions**

    a.  Deposition of plaintiff, Karen Lee.

    b.  Deposition of percipient witnesses, Julian Ware and Lezlee Ware. Additional percipient witness depositions may be necessary if written discovery discloses additional witnesses.

    c.  Deposition of plaintiff's counsel in underlying action, William L. Berg.

**C. Changes to Discovery Limitations**

The parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of the District Court. The parties do not anticipate the need to phase or bifurcate discovery.

**9.  CLASS ACTION**

This case is not a class action.

**10.  RELATED CASES**

There are no related cases or proceedings pending before another judge of this Court, or before

another court or administrative body.

## 11. RELIEF

Plaintiff seeks compensatory damages and punitive damages on her complaint.

Damages sought by plaintiff include the following:

    (a)    Economic damages caused by unreasonable delay in payment of policy benefits: $6,629.56.

    (b)    Interest on policy benefits wrongfully withheld from date of request for payment to date of payment: $24,426.50.

    (c)    Non-economic damages for emotional distress caused by defendant's tortious conduct: $750,000.00-1,000,000.00.

    (d)    Punitive damages, in an amount to be determined by the jury.

State Farm takes the position that plaintiff is entitled to no such relief.

## 12. SETTLEMENT AND ADR

The parties have agreed to submit this matter to private mediation. The parties have discussed the possibility of settlement, but have not had substantive settlement discussions since the filing of the complaint.

## 13. MAGISTRATE JUDGE TRIALS

The parties do not consent for this matter to be heard by a Magistrate Judge.

## 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

The parties anticipate the ability to stipulate to the policy terms, basic facts of the underlying claim, foundation, use of copies as originals, etc., which may be appropriate to expedite the presentation of evidence at trial. State Farm may request bifurcation of punitive damages at trial. Otherwise, the parties do not request bifurcation of any issues, claims or defenses.

## 16. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined

procedures.

**17.    SCHEDULING**

Plaintiff requests the following Case Management Schedule:

| | | |
|---|---|---|
| 1. | Deadline for completion of the ADR process: | March 14, 2008 |
| 2. | Deadline to complete non-expert discovery: | April 30, 2008 |
| 3. | Disclosure of experts: | May 15, 2008 |
| 4. | Deadline for hearing dispositive motions: | May 30, 2008 |
| 5. | Deadline to complete expert discovery: | May 30, 2008 |
| 6. | Pretrial Conference: | June 16, 2008 |
| 7. | Trial: | July 7, 2008 |

Defendant requests the following Case Management Schedule:

| | | |
|---|---|---|
| 1. | Deadline for completion of the ADR process: | March 14, 2008 |
| 2. | Deadline to complete non-expert discovery: | October 31, 2008 |
| 3. | Disclosure of experts: | September 12, 2008 |
| 4. | Deadline for hearing dispositive motions: | January 9, 2009 |
| 5. | Deadline to complete expert discovery: | February 9, 2009 |
| 6. | Pretrial Conference: | February 16, 2009 |
| 7. | Trial: | March 2, 2009 |

**18.    TRIAL**

The parties request that this case be tried by a jury. State Farm will move to bifurcate the issue of punitive damages at trial. The parties expect the length of trial from empanelment of jury to verdict is 15 court days. The parties will explore the potential to reduce the length of trial, by stipulation, use of summaries or statements, or other expedited means of presenting evidence.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have each filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Each party states that it is not currently aware of persons, firms, partnerships, corporations (including parent corporations) or other entities that require disclosure to the Court, other than the parties themselves which are known to have either: 1) a financial interest

in the subject matter at issue or in a party to the proceeding; or 2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  **ADDITIONAL MATTERS**

State Farm anticipates the need for a protective order for a limited number of documents regarding confidential and proprietary information related to its claim policy and procedures. Plaintiff is willing to stipulate to a reasonable protective order. The parties do not anticipate the need to file any documents under seal.

Dated: November 2, 2007         HAYES DAVIS BONINO ELLINGSON
                                McLAY & SCOTT, LLP

                                By_____
                                   STEPHEN M. HAYES
                                   STEPHEN P. ELLINGSON
                                   MELISSA A. WURSTER
                                   Attorneys for Defendant
                                   STATE FARM MUTUAL AUTOMOBILE
                                   INSURANCE COMPANY


Dated: November ___, 2007       MICHEL & FACKLER


                                By_____
                                   MICHAEL D. MICHEL
                                   JEFF M. FACKLER
                                   Attorneys for Plaintiff
                                   KAREN LEE


**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are hereby ordered to comply with this Order.

Dated: _____, 2007     _____
                                JEFFREY S. WHITE
                                UNITED STATES DISTRICT COURT JUDGE

149799                              - 7 -
**JOINT REPORT OF RULE 26(f) REPORT AND CASE MANAGEMENT PLAN - CASE NO. C07-03913 JSW**

in the subject matter at issue or in a party to the proceeding; or 2) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **ADDITIONAL MATTERS**

State Farm anticipates the need for a protective order for a limited number of documents regarding confidential and proprietary information related to its claim policy and procedures. Plaintiff is willing to stipulate to a reasonable protective order. The parties do not anticipate the need to file any documents under seal.

Dated: November __, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP


By_____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
MELISSA A. WURSTER
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


Dated: November 2, 2007

MICHEL & FACKLER


By_____
MICHAEL D. MICHEL
JEFF M. FACKLER
Attorneys for Plaintiff
KAREN LEE


**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are hereby ordered to comply with this Order.

Dated: _____, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE